## OLSEN WATER & TOWING CO. v. DAVIS, Director General of Railroads.

(Circuit Court of Appeals, Second Circuit. February 11, 1924.)

No. 224.

Appeal from the District Court of the United States for the Southern District of New York.

Libel by the Olsen Water & Towing Company against James C. Davis, Director General of Railroads. From a final decree for defendant (297 Fed. 480), libelant appeals. Affirmed.

Foley & Martin. of New York City (William J. Martin and George V. A. McCloskey, both of New York City, of counsel), for appellant.

Macklin, Brown & Van Wyck, of New York City (Horace L. Cheyney, of New York City, of counsel), for appellee.

Before HOUGH, MANTON, and MAYER, Circuit Judges.

PER CURIAM. Decree (297 Fed. 480) affirmed, with costs.

---

## UNITED STATES v. WESTERN & A. R. R.

(District Court, N. D. Georgia. April 10, 1924.)

No. 597.

1. **Railroads ⬅229—Strike no excuse for use of cars out of repair.**

In a suit for penalty for using cars with defective safety appliances, it is no defense that, by reason of a strike and state of violence approaching war, inspection and repair of cars was impossible.

2. **Constitutional law ⬅297—Eminent domain ⬅2(8)—Railroads ⬅229— Statute imposing penalty for using cars out of repair held valid.**

A statute imposing penalties on railroads using cars with defective safety appliances does not take property for public use without compensation, nor deprive a carrier of its property without due process of law.

3. **Commerce ⬅1—Regulations by Congress under commerce clause comparable to exercise of police power.**

The regulations by Congress, properly made under the commerce clause of the Constitution, are comparable to the exercise of the police power by the states.

4. **Constitutional law ⬅241—Statute imposing penalty for using defective cars not denial of equal protection.**

The statute imposing a penalty on a railroad corporation for using cars with defective safety appliances is not invalid, as denying equal protection of law, by penalizing the corporation, and not servants who should have inspected and repaired cars.

5. **Searches and seizures ⬅7—Inspection of railroad cars held not unreasonable.**

Inspection of cars by inspectors on the premises of a railroad without invitation or permission is not a violation of Const. Amend. 4, relating to unreasonable searches; inspection being made to determine whether safety appliances were in proper repair, under Act March 2, 1893, § 6 (Comp. St. § 8610), and Act May 27, 1908, § 1, no paper or property having been seized, and no house or even private place having been entered.

At Law. Suit for penalties. by the United States against the Western & Atlantic Railroad. On demurrer to answer. Portions of answer stricken.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes